# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH C. BELANGER JR.,**
               **Plaintiff,**

     **v.**                                      **Case No. 18-C-00415**

**STATE OF WISCONSIN and**
**INSPECTOR KARL KRONAU,**
               **Defendants.**

---

**RHIANNON BELANGER,**
               **Plaintiff,**

     **v.**                                      **Case No. 18-C-00416**

**STATE OF WISCONSIN and**
**INSPECTOR KARL KRONAU,**
               **Defendants.**

---

**COREY BELANGER,**
               **Plaintiff,**

     **v.**                                      **Case No. 18-C-00417**

**STATE OF WISCONSIN and**
**INSPECTOR KARL KRONAU,**
               **Defendants.**

---

**NICOLE BELANGER,**
               **Plaintiff,**

     **v.**                                      **Case No. 18-C-00418**

**STATE OF WISCONSIN and**
**INSPECTOR KARL KRONAU,**
               **Defendants.**

---

**KENNETH C. BELANGER, III,**
               **Plaintiff,**

     **v.**                                    **Case No. 18-C-00419**

**STATE OF WISCONSIN and**
**INSPECTOR KARL KRONAU,**
               **Defendants.**

---

**KENNETH C. BELANGER, JR.,**
**KENENTH C. BELANGER, III,**
**RHIANNON BELANGER, NICOLE BELANGER,**
**COREY BELANGER,**
        **Plaintiffs,**
    **v.**                         **Case No. 18-C-00420**

**SGT MARK ROUM, DEPUTY JASON S. HINTZ,**
**SGT KENNETH D. BRAND, DEPUTY ROBERT**
**WIERENGA, DEPUTY TRUSSLER, DR. ZELDA OKIA,**
**DR. LYNDA BEIDRZCKI, DEPUTY KEN J. BRAUER,**
**TOM MILLER, and WALWORTH COUNTY**
        **Defendants.**

---

**KENNETH C. BELANGER, JR,**
        **Plaintiff,**
    **v.**                         **Case No. 18-C-00502**

**TIA TRANSPORT INC, ALLEN SWARTOUT**
**And RYAN JAMES SCOTT**
        **Defendants.**

---

## DECISION AND ORDER

On May 17, 2015, Erik Belanger died when his motorcycle collided with a semi-truck at an intersection in Walworth County. Several of his family members, proceeding pro se, have commenced a series of suits in this court against various defendants. At the center of each suit is the family's belief that Erik was not at fault in causing the accident. The family's belief runs counter to the conclusions of investigators, who determined that Erik was at fault because he was speeding and ran a stop sign. Toxicology reports also revealed that Erik may have been under the influence of cocaine and alcohol at the time of the accident. *See* Exhibits to Compl. in Case 18-C-0502.

Five of the Belangers' suits (18-C-0415 to 18-C-0419) are against the State of Wisconsin and state motor-vehicle inspector Karl Kronau. These suits allege that

Inspector Kronau violated the family members' federal rights during the course of his investigation into the cause of the accident by either falsifying his reports or failing to exercise ordinary care during the investigation. A sixth suit (18-C-0420) alleges similar claims against Walworth County, members of its Sheriff's Department, and members of its Medical Examiner's office. The final suit (18-C-0502) is essentially a wrongful-death suit against the driver of the semi-truck and his employer.

Four of the Belanger's suits have been assigned to me. Three cases (18-C-0416, 18-C-0418, 18-C-0419) have been assigned to other judges of this court. These cases are three of the five cases against the State of Wisconsin and Inspector Kronau. These defendants have moved to consolidate all five cases. As the judge presiding over the lowest-numbered case, I must decide the motion to consolidate. *See* Civil Local Rule 42. Because these five cases involve common questions of law or fact, I will grant the motion to consolidate. *See* Fed. R. Civ. P. 42(a). Thus, all seven of the Belangers' cases are now before me. However, for the reasons explained below, all of the cases must be dismissed. Because all seven cases are related, it is in the interest of justice to consolidate them for purposes of entering a single order and judgment that applies to all cases. Therefore, on my own motion, I will consolidate all seven cases.

## A.    Actions Against the State of Wisconsin and Inspector Kronau

In each of these five cases, one member of the Belanger family sues the State of Wisconsin and Inspector Kronau. The original complaint in each action contains the same material factual allegations. However, in cases 18-C-0416 to 18-C-0419, each plaintiff filed an amended complaint. Each amended complaint is materially identical to the

others. But for some reason, no amended complaint was filed in Case 18-C-0415. Thus, I will begin by discussing the complaint in Case 18-C-0415 and will then turn to the amended complaint filed in the other four cases.

### 1. Case 18-C-0415

In this case, Kenneth Belanger Jr. alleges that Inspector Kronau caused him emotional distress by concealing facts and falsifying records concerning Erik's death. He also alleges that Kronau conspired with others, but he does not identify any co-conspirators. The only non-conclusory facts alleged in the complaint are the following:

> On 17 May 2015 Inspector Kronau was dispatched to accident scene at county K and Town Hall Rd. in Walworth Co. Inspector Karl Kronau did a mirandized interview with truck driver Allen Swartout who had been placed in Ryan Scott's pick-up truck. Inspector Karl Kronau went off mike and off video [during] the interview in Ryan Scott's pick-up. When finished with the interview Inspector Karl Kronau asked Allen Swartout to review answers, make any corrections and sign the statement. Allen Swartout made no changes but did not sign his mirandized statement. Inspector Karl Kronau used some of these statements as facts in reports. Inspector Karl Kronau also missed Erik Belanger's brake mark going north.

Compl. at p.3. The complaint does not cite any federal law, but the plaintiff alleges that he is suing for a violation of federal law under 28 U.S.C. § 1331. For relief, the plaintiff seeks compensatory and punitive damages.

The State of Wisconsin and Kronau have filed a motion to dismiss the complaint on various grounds. First, they contend that the plaintiff has not alleged a colorable federal claim, and that therefore the court lacks subject-matter jurisdiction. In response to the motion to dismiss, the plaintiff argues that he states a federal claim for violation of his right to substantive due process because Inspector Kronau engaged in behavior that "shocks the conscience." Thus, it appears that the plaintiff intends to state a claim for

4

relief under 42 U.S.C. § 1983, which is the federal statute that grants a civil cause of action for damages for violations of federal rights committed by persons acting under color of state law. However, as explained below, the allegations of the complaint do not state a colorable claim against Kronau or the State of Wisconsin under this statute.

The State of Wisconsin is not a "person" within the meaning of § 1983, and therefore it is not liable for damages under that statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). It will be dismissed for this reason. Although Inspector Kronau is a "person" within the meaning of § 1983 and it is clear that he was acting under color of state law in investigating the accident, the plaintiff has not pleaded facts suggesting that Kronau violated the plaintiff's federal rights. The plaintiff contends that Kronau's actions "shock the conscience" and that therefore Kronau has deprived him of his right to substantive due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). But the non-conclusory facts of the complaint do not describe any conduct that shocks the conscience. The complaint alleges that Kronau interviewed the driver of the semi-truck without recording the interview on audio or video, and that he "missed" Erik's brake mark. Obviously none of this conduct is conscience-shocking. At worst, the allegation that Kronau missed the brake mark suggests that Kronau was negligent in investigating the accident. But such negligence is not itself conscience-shocking. Moreover, a person does not have a substantive due-process right to a competent investigation of a family member's death. *Flinchum v. City of Beattyville*, 224 F. Supp. 3d 536, 543 (E.D. Ky. 2016).

The plaintiff also alleges that Kronau concealed facts and falsified records about Erik's death. But these allegations are entirely conclusory. The plaintiff does not identify the facts that were supposedly concealed or identify the records that were supposedly falsified. Instead, the plaintiff alleges only that Kronau interviewed the driver and missed the brake mark, none of which qualifies as concealing facts or falsifying records. Thus, even if Kronau's concealing facts or falsifying records would have violated the plaintiff's right to due process, the plaintiff has not alleged facts that give rise to a plausible claim under this theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (a court must disregard allegations in the complaint that are wholly conclusory).

For these reasons, I conclude that the plaintiff has not stated a colorable federal claim against the State of Wisconsin or Inspector Kronau. I will therefore grant the defendants' motion to dismiss for lack of subject-matter jurisdiction.[1] Because I am disposing of the case on this ground, I will not address the other grounds for dismissal raised in the defendants' motion.

---

[1] It is debatable whether I should dismiss for lack of subject-matter jurisdiction or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Generally, a complaint alleging a federal claim that is insubstantial and frivolous does not trigger federal-question jurisdiction. *See, e.g., LaSalle Nat. Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 143–44 (7th Cir. 1996). Here, although the plaintiff's federal claim is not colorable, I do not think I would go so far as to describe the claim as frivolous. So probably I should dismiss for failure to state a claim rather than for lack of jurisdiction. But because the defendants moved to dismiss for lack of jurisdiction, I will dismiss on that ground. This basis for dismissal is at least somewhat more favorable to the plaintiff because a dismissal for lack of jurisdiction is without prejudice rather than with prejudice.

### 2. Cases 18-C-0416 to 18-C-0419

Each amended complaint filed in these cases begins with the allegation that Erik Belanger was not the cause of the accident that killed him and that the driver of the semi-truck, Allen Swartout, was the "negligent cause" of the accident. But then the complaint contains nothing but conclusory allegations against the State of Wisconsin and Inspector Kronau. The complaint alleges, without stating any supporting facts, that the defendants failed to exercise reasonable care in conducting the investigation into Erik's death, concealed facts about Erik's death, and falsified reports about Erik's death. As discussed above, conclusory allegations such as these cannot support a federal claim. Moreover, a person does not have a federal right to a reasonable or competent investigation into a family member's death. *Flinchum*, 224 F. Supp. 2d at 543. Finally, the State of Wisconsin is not a "person" for purposes of § 1983 and therefore cannot be held liable for damages. Accordingly, the amended complaints will be dismissed for lack of subject-matter jurisdiction due to the lack of a colorable federal claim.

### B. Action Against Walworth County and its Agents

In Case 18-C-0420, all five members of the Belanger family allege claims against Walworth County, members of its Sheriff's Department, and members of its Medical Examiner's office. The defendants have filed a motion to dismiss the complaint for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

The claims against the members of the Sheriff's Department are very similar to the claims against the State of Wisconsin and Inspector Kronau in the five cases discussed above. The plaintiffs allege, in wholly conclusory fashion, that the members of the sheriff's

department who investigated the crash failed to exercise reasonable care in conducting the investigation, concealed facts about Erik's death, and falsified reports about Erik's death. As explained above, these conclusory allegations fail to state a colorable federal claim under 42 U.S.C. § 1983.

The claims against the members of the Medical Examiner's office are less conclusory. In these claims, the plaintiffs allege that the defendants violated Erik's Fourth Amendment right to be free from unreasonable searches and seizures when, during an autopsy of his body, they took blood and urine samples. However, the Fourth Amendment does not apply to a search or seizure of a deceased person's body during the course of an autopsy. *See Ravellete v. Smith*, 300 F.2d 854, 857 (7th Cir. 1962). Accordingly, the claims against the members of the Medical Examiner's office fail as a matter of law.

In their brief in opposition to the defendants' motion to dismiss, but not in their complaint, the plaintiffs also describe an incident in which, on the day after the accident, members of the Sheriff's Department and the Medical Examiner's office returned the backpack that Erik was wearing at the time of the accident to the Belangers. Br. at 3. The plaintiffs state that the return of the backpack caused them emotional distress because Erik's "brains [were] spattered all over the backpack." *Id.* Because these allegations appear in the plaintiffs' brief rather than in their complaint, they are not properly considered in connection with a motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). However, because the plaintiffs are pro se, and because I could grant them leave to amend their complaint to include these allegations, I will address them.

The plaintiffs do not identify a legal theory underlying their backpack allegations, but presumably they would contend that the defendants' conduct in returning the brain-spattered backpack shocks the conscience and therefore deprived them of their right to substantive due process. While the defendants' conduct, if it occurred, may have been insensitive, it does not rise to the level of the kind of behavior that has been held to shock the conscience. Such behavior includes things like a police officer's leaving unattended children to fend for themselves on the side of a cold highway, *see White v. Rochford*, 592 F.2d 381 (7th Cir. 1979), and forcibly pumping a person's stomach to obtain evidence, *see Rochin v. California*, 342 U.S. 165 (1952). In the present case, the alleged conduct was not so egregious as to shock the conscience. *See Lewis*, 523 U.S. at 834 (holding that "only the most egregious" governmental action will shock the conscience). Accordingly, even if the plaintiffs had included their allegations concerning the backpack in their complaint, they would not have stated a federal claim.

Finally, I address a dispute has arisen over whether Walworth County is in default. The defendants' motion to dismiss was filed on behalf of the individual defendants only. The plaintiffs now contend that, by failing to file either an answer or a motion within the time stated in Federal Rule of Civil Procedure 12(a), Walworth County is in default. The plaintiffs have filed motions for default judgment, and Walworth County has filed a motion to extend its time to respond to the complaint. (The Clerk of Court has not entered Walworth County's default under Rule 55(a).)

Walworth County states that it did not file a timely response to the plaintiffs' complaint because it did not understand the plaintiffs to be alleging a claim against the

County itself.  Indeed, the plaintiffs' original complaint does not identify Walworth County as a defendant.  It names only the individual members of the Sheriff's Department and Medical Examiner's office as defendants.  However, a few days after filing the original complaint, the plaintiffs filed an amended complaint.  The caption of the amended complaint identifies the defendants as "Walworth County 'et al'."  But the amended complaint does not contain any allegations against the County itself, and it does not otherwise make clear that Walworth County is an intended defendant.  Thus, Walworth County's failure to file a timely response to the complaint is understandable.  Moreover, the County's delay has not resulted in prejudice to the plaintiffs.  For these reasons, I will grant the County's motion for an extension and deny the plaintiffs' various motions for default judgment.  *See* Fed. R. Civ. P. 6(b)(1); *Mommaerts v. Hartford Life & Acc. Ins. Co.*, 472 F.3d 967, 968–69 (7th Cir. 2007).

After it appeared, Walworth County filed a motion joining the motion to dismiss filed by the individual defendants.  As noted, the plaintiffs have not expressly alleged a claim against the County itself.  However, the only possible basis for liability against the County under federal law would be a claim for municipal liability under 42 U.S.C. § 1983.  *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).  But this claim would be viable only if the County or its officers deprived the plaintiffs of a federal right.  As discussed above, the plaintiffs have not alleged that the defendants' conduct deprived them of a federal right.  Accordingly, the plaintiffs' claims against the County will be dismissed.

**C.    Action Against Driver of the Semi-Truck and His Employer**

In case 18-C-0502, Kenneth Belanger Jr. sues Allen Swartout (the driver of the semi-truck), Swartout's employer (TIA Transport Inc.), and a person named Ryan James Scott. Scott is TIA Transport's registered agent. Also, as alleged in the complaint in Case 18-C-0415, Scott was at the scene of the accident at the time that Swartout was interviewed by Inspector Kronau.

The complaint in this case contains nothing but conclusory allegations. It alleges that Swartout was "willfully negligent in causing Erik Belanger's vehicular homicide," that TIA Transport was willfully negligent in allowing Swartout to drive on the day of the accident, that the defendants provided false information to investigators, that the defendants falsified records about the accident, and that the defendants concealed the cause of the accident. Compl. at 2–3. As with the Belangers' other complaints, this complaint includes no non-conclusory factual allegations suggesting that the defendants engaged in any of this conduct. No facts alleged suggest that the defendants were negligent, that they provided false information, that they falsified records, or that they otherwise concealed the cause of the accident.

The defendants have filed a motion to dismiss the complaint for lack of subject-matter jurisdiction. They contend that the complaint does not plead a claim under federal law, and that therefore jurisdiction cannot be maintained under 28 U.S.C. § 1331. Moreover, they point out that the parties are all Wisconsin citizens, and that therefore a federal court does not have jurisdiction over any state cause of action (such as for wrongful death) under 28 U.S.C. § 1332.

In his response to the motion to dismiss, the plaintiff argues that jurisdiction is proper under § 1331 because he is alleging that the defendants violated his rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Thus, the plaintiff appears to be asserting a claim for damages against the defendants under 42 U.S.C. § 1983. However, the defendants are all private parties, not persons who were acting under color of state law. Therefore, they are not subject to suit under § 1983. *See, e.g., London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). Although private parties can sometimes be said to have acted under color of state law when they conspire with government actors, *see, e.g., Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012), in this case the plaintiff does not adequately plead that the defendants conspired with government actors. The plaintiff does use the word "conspiracy" in his complaint, but he does not identify any government actors as co-conspirators. Assuming, however, that the plaintiff intended to allege that the defendants conspired with the government officials who investigated the accident, he does not provide any non-conclusory factual allegations to support his bare allegation of a conspiracy. And it is well established that a bare allegation of a conspiracy is not enough to state a viable claim. *See, e.g., Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Accordingly, the plaintiff does not have a colorable claim under § 1983. Because the plaintiff does not have a colorable claim under any federal law, jurisdiction cannot be founded on 28 U.S.C. § 1331.

As for the possibility of exercising jurisdiction under 28 U.S.C. § 1332, the plaintiff does not dispute that both he and the defendants are citizens of Wisconsin. Accordingly, the parties are not diverse, and therefore I cannot exercise jurisdiction over any purported

state-law claims under § 1332. I must dismiss this action for lack of subject-matter jurisdiction.

## III. CONCLUSION

As explained above, the operative complaint in each of the Belangers' actions must be dismissed. The dismissals will be without prejudice for lack of subject-matter jurisdiction on the ground that the plaintiffs have not pleaded colorable federal claims. Accordingly:

**IT IS ORDERED** that the defendants' motion to consolidate cases 18-C-0415 to 18-C-0419 is **GRANTED**.

**IT IS FURTHER ORDERED** that, on the court's own motion, cases 18-C-420 and 18-C-0502 are **CONSOLIDATED** with cases 18-C-0415 to 18-C-0419.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss cases 18-C-0415 to 18-C-0419 is **GRANTED**. These cases are dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Walworth County's motion for an extension of time in Case 18-C-0420 is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motions for default judgments in Case 18-C-0420 are **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss in Case 18-C-0420 is **GRANTED**. The case is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss in Case 18-C-0502 is **GRANTED**. The case is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to strike in Case 18-C-0502 is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter judgment.  Because all cases have been consolidated, the judgment will be entered in Case 18-C-0415 only.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2018.

s/Lynn Adelman
LYNN ADELMAN
District Judge